UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | | |
|---|---|---|
| **PARADISE FARMS, S.A.,** *et al.*, | : | Case No. 10-MC-20578- |
| | : | SEITZ/O'SULLIVAN |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| **CHIQUITA FRESH NORTH AMERICA, LLC,** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**ORDER GRANTING IN PART AND DENYING IN PART NON-PARTIES' VERIFIED MOTION TO QUASH NON-PARTY SUBPOENAS (D.E. 1) AND SUSTAINING IN PART AND OVERRULING IN PART FYFFES, INC.'S OBJECTIONS TO SUBPOENA FOR PRODUCTION (D.E. 13)**

THIS MATTER is before the Court on the Verified Motion to Quash Non-Party Subpoenas of Non-Parties Fyffes Inc. and Enda Walsh (D.E. 1).  The Court, having reviewed the Motion, the Memorandum in Opposition to Third Parties' Motion to Quash of Defendant Chiquita Fresh North America, LLC ("Chiquita") (D.E. 7), the Reply of Non-Parties Fyffes Inc. and Enda Walsh in Support of Their Motion to Quash Subpoenas (D.E. 12), and the Objections to Subpoena Duces Tecum of Non-Party, Fyffes Inc. (D.E. 13), and having considered the applicable law and argument of counsel at a hearing held on April 13, 2010, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that the Verified Motion to Quash Non-Party Subpoenas is GRANTED IN PART and DENIED IN PART, and that Non-Party Fyffes Inc.'s Objections to Subpoena Duces Tecum are SUSTAINED IN PART and OVERRULED IN PART, as set forth below.

While the scope of discovery directed to judgment debtors is broad, generally third parties may be examined only as to the judgment debtor's assets and are not required to disclose their own assets. National Union Fire Ins. Co. of Pittsburgh, Pa. v. Van Waeyenberghe, 148 F.R.D. 256, 257 (N.D. Ind.1993). Moreover, "discovery has been allowed against a non-judgment debtor upon a somewhat heightened showing of **necessity and relevance** - i.e., at least some demonstration of concealed or fraudulent transfers or alter ego relationship with the judgment debtor." Uniden Corporation of America v. Duce Trading Company, Ltd., 89-CV-0878E, 1993 WL 286102, 1 (W.D. N.Y. 1993) (emphasis added).  Here, the defendant has failed to show any evidence of a fraudulent transfer.  Accordingly, Fyffes shall be required to only produce the following discovery.

1.  Regarding the stock purchase of Sol Group Marketing Company:

    A.  Those portions of the stock purchase agreement between Fyffes Inc. and the plaintiffs that show the parties to the agreement, which stock was transferred, and the purchase price.

    B.  Those portions of the definition section, if any, of the stock purchase agreement that define terms used in the portions described in subsection 1(A) above.

    C.  Documents reflecting payment for the stock described in subsection 1(A) above.

2.  As to each of the two asset purchase agreements regarding the assets of Paradise and Cuvesur, respectively:

    A.  Those portions of the asset purchase agreement that show the parties to the agreement, which assets were transferred, and the purchase price and to

        whom the purchase price was paid.

B.    Those portions of the definition sections, if any, of the asset purchase agreement that define terms used in the portions described in subsection 2(A) above.

C.    Documents reflecting payment for the assets described in subsection 2(A) above.

The documents listed in Section 1 shall be produced on or before Friday, April 23, 2010.

The documents listed in Section 2 shall be produced on or before Monday, May 3, 2010.

The subpoenas for deposition issued to Fyffes Inc. and Enda Walsh are hereby quashed.

DONE AND ORDERED in Chambers at Miami, Florida this 20th day of April 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
U.S. District Court Judge Seitz
All counsel of record